UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Roland Curtis,<br><br>                    Plaintiff,<br><br>           -against-<br><br>The City of New York, Victor Calderin, in his individual capacity; John Doe, in his individual capacity,<br><br>                    Defendants | ECF CASE<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>14 Civ. 2455 (PGG) (DCF) |

### PRELIMINARY STATEMENT

1.       This is an action for money damages brought pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983 for the Defendants' commissions of acts under color of law in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York.

### JURISDICTION

2.       This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983 and 1988.

3.       This Court has jurisdiction over Plaintiff's federal law claims under 28 U.S.C. §§ 1331 and 1343.

### VENUE

4.       Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events

giving rise to the claim occurred in the Southern District of New York.

## JURY DEMAND

5. The Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

6. Plaintiff ROLAND CURTIS is a resident of New York.

7. Defendant THE CITY OF NEW YORK (the "City") is a municipal corporation within the State of New York.

8. The New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At all times relevant hereto, the NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitutions and laws of the United States and of the State of New York.

9. At all relevant times herein, defendants VICTOR CALDERIN and JOHN DOE (collectively, the "Individual Defendants") were police officers employed by the NYPD and were each acting in the capacity of agent, servant and employee of the City.

10. Plaintiff is unable to determine the actual names of John Does at this time and thus sues him under a fictitious name.

11. At all times relevant herein, the Individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City of New York at all times relevant herein with the power and authority vested in them as officers, agents and employee of the City of New York and incidental to the lawful pursuit of their duties as officers, employees and agents of the City of New York.

12. The Individual Defendants are sued in their individual capacities.

## STATEMENT OF FACTS

13. On October 30, 2013, at approximately 10:30 PM, plaintiff Roland Curtis saw two uniformed police officers, the Individual Defendants herein, who appeared to him to be harassing his mother. He approached his mother and told her, in substance, that she did not have to speak with them.

14. Though he had done nothing illegal, the officers reacted by grabbed Mr. Curtis, violently dragging him to the ground and handcuffing him.

15. The officers actions not only caused Mr. Curtis to suffer physical pain, but also, as his mother, sister and some friends were present, the embarrassment and indignity of being

arrested in front of them.

16. After he was arrested, the officers took Mr. Curtis to the NYPD's 40th Precinct, where his arrest was processed.

17. From the precinct, Mr. Curtis was brought to Central Booking in the Bronx.

18. Mr. Curtis was charged by defendant Officer Calderin with resisting arrest (N.Y. Penal Law § 205.30), obstruction of governmental administration in the second degree (N.Y. Penal Law § 195.05), and two counts of disorderly conduct (N.Y. Penal Law §§ 240.20(1) and (6)).

19. This notwithstanding, the Bronx County District Attorney's office declined to prosecute Mr. Curtis, finding that "there was no probable cause for the officer to arrest the defendant."

20. Mr. Curtis was finally released after more than ten hours in police custody.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the Individual Defendants

21. All other paragraphs herein are incorporated by reference as though fully set forth.

22. By battering, assaulting, arresting, detaining, charging and prosecuting the Plaintiff, the Individual Defendants engaged under color of law in the violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 to, *inter alia*, be free from unreasonable searches and seizures, false arrest and

imprisonment, and excessive force.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Against the City of New York

23. All other paragraphs herein are incorporated by reference as though fully set forth.

24. Municipal liability for the violations of the Plaintiff's Fourth and Fourteenth Amendment rights rests upon the grounds set forth below.

25. At all times material to this Complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

26. At all times material to this Complaint, the defendant City, acting through the NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the Individual Defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

WHEREFORE, the plaintiff requests that this Court:

1. Assume jurisdiction over this matter;

2. Award compensatory and punitive damages to the Plaintiff against the defendants, jointly and severally;

3. Award plaintiff reasonable costs, disbursements and attorney's fees; and

    4.    Grant any other relief the court deems appropriate.

Dated:  New York, New York
        April 7, 2014

                Respectfully submitted,

                Darius Wadia, L.L.C.


                /s/
                _____
                By:  Darius Wadia (Bar number DW8679)
                Attorney for Plaintiff
                233 Broadway, Suite 2208
                New York, New York  10279
                dwadia@wadialaw.com